James ARMSTRONG,
Plaintiff–Appellant,

v.

TRICO MARINE, INC., and Ocean Drilling and Exploration Co., Defendants–Appellees.

No. 90–3092.

United States Court of Appeals, Fifth Circuit.

Feb. 4, 1991.

without merit.

56

Stephen G. Cameron, Cecil M. Burglass, Jr., New Orleans, for James Armstrong.

Michael H. Bagot, Jr., Nancy Eleanor Graham, Wagner & Bagot, New Orleans, La., for Trico Marine, Inc.

James Robert Silverstein, Lemle & Kelleher, New Orleans, La., for Ocean Drilling.

Before THORNBERRY, JOHNSON and DAVIS, Circuit Judges.

W. EUGENE DAVIS, Circuit Judge:

James Armstrong appeals the dismissal of his claims for maintenance and cure and for damages under the Jones Act and general maritime law. Although the district court dismissed Armstrong's entire complaint, the court did not address expressly Armstrong's claim for maintenance and cure. The district court concluded that Armstrong's claims for damages under the Jones Act and under general maritime law are prescribed. We affirm the dismissal of Armstrong's damage claims, but we remand Armstrong's maintenance and cure claim for further consideration.

## I.

Armstrong worked intermittently for Trico Marine, Inc. from 1981 to 1989. In October 1985, Armstrong served as captain of the M/V TELLICO RIVER, a ship owned by Trico and chartered by Odeco Oil and Gas Company ("Odeco"). Odeco used the TELLICO RIVER to service its oil rigs and platforms in the Gulf of Mexico.

On October 27, 1985, Odeco dispatched the TELLICO RIVER from Dulac, Louisiana, to deliver supplies and fuel to an offshore rig. When the vessel reached the rig, the crew could not transfer the supplies and fuel because of Hurricane Juan, which produced sustained seas of 20–35 feet, swells of 45–55 feet, and winds of 70–85 miles per hour. While Armstrong circled the platform waiting for the seas to subside, an Odeco dispatcher instructed him to assist workers who had been stranded in the water when their production platform collapsed. Armstrong proceeded toward the platform, but he turned around and headed for Dulac after a large wave struck the TELLICO RIVER, injuring one of the crew.

During the months following this incident, Armstrong experienced insomnia, irritability, jumpiness, increased smoking, preoccupation with the weather, apprehension, moodiness, crying, and withdrawal from others. Although he knew that these problems related to his frightening experience in Hurricane Juan, he believed the problems would subside.

Trico fired Armstrong in January 1986 for reasons unrelated to this lawsuit. Armstrong moved to Oregon, where his psychological problems faded, except when he drove past a crew boat on his way to work. At those moments, he would "flash back" to what happened during the hurricane, and his symptoms would reappear.

When Armstrong returned to Trico in July 1988, his psychological problems accompanied him. After working for a year, Armstrong told Trico he could no longer function as a captain. Trico placed Armstrong on inactive status and eventually fired him in September 1989. In August 1989, a psychologist diagnosed Armstrong as suffering from post-traumatic stress disorder. Another psychologist confirmed that diagnosis in December 1989.

On September 29, 1989, Armstrong sued Trico and Odeco seeking compensatory damages under the Jones Act (46 U.S.C. App. § 688) and general maritime law. Armstrong also requested punitive damages against both defendants for reckless disregard of his safety. Armstrong also sought maintenance and cure benefits from Trico.

The district court granted Trico and Odeco's joint motion for partial summary judgment, dismissing Armstrong's Jones Act and unseaworthiness claims because they are barred by three-year statutes of limitations. The district court did not address Armstrong's claims for maintenance and cure in its ruling on Trico's motion. After the district court entered an unqualified judgment dismissing Armstrong's suit, Armstrong filed this appeal.

## II.

We have jurisdiction over final decisions of the district court. *See* 28 U.S.C. § 1291. The district court's judgment dis-

missed Armstrong's complaint.[1] But the district court's "Order and Reasons" did not address Armstrong's claim for maintenance and cure. We consider, therefore, whether the judgment appealed from is final.

This Court has embraced "the well-settled general rule that a judgment or order is not final unless it ends the litigation on the merits and leaves nothing for the trier to do but execute the judgment." *Newpark Shipbuilding & Repair, Inc. v. Roundtree*, 723 F.2d 399, 400 (5th Cir.) (en banc), *cert. denied*, 469 U.S. 818, 105 S.Ct. 88, 83 L.Ed.2d 35 (1984). In determining whether a judgment ends the litigation, we refer to the language of the judgment. When the district court "hand[s] down a judgment couched in language calculated to conclude all claims before him," *Vaughn v. Mobil Oil Exploration & Prod. Southeast*, 891 F.2d 1195, 1197 (5th Cir.1990), that judgment is final. Here the judgment facially dismissed Armstrong's entire complaint without limitation. The clerk entered judgment. The parties had no choice but to accept this as a final judgment. We accept it also.

### III.

Trico and Odeco's joint motion for summary judgment sought dismissal of Armstrong's Jones Act and unseaworthiness claims. Neither the motion nor the district court's "Order and Reasons" addressed Armstrong's claim for maintenance and cure. The district court nevertheless dismissed that claim. Because the district court offered no reasons supporting dismissal of Armstrong's claim for maintenance and cure against Trico, we remand that claim to the district court for further consideration.[2]

1. The judgment reads, in relevant part:
     For the reasons set forth in the Court's Order and Reasons dated January 31, 1990; accordingly,
     IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of Defendants, Trico Marine, Inc and ODECO Oil & Gas Company, and against Plaintiff, James Armstrong, dismissing Plaintiff's complaint with costs.

### IV.

Suits under the Jones Act and the general maritime law must be filed within three years from the date the cause of action accrues. *See* 45 U.S.C. § 56 (Jones Act); 46 U.S.C.App. § 763a (maritime tort). Armstrong sued Trico and Odeco on September 29, 1989. If Armstrong's claims accrued before September 29, 1986, therefore, the claims are prescribed.

This Court uses one of two rules to determine when the statute of limitations begins to run. The "Time of Event Rule" applies "if some injury is discernable when the tortious act occurs." *Albertson v. T.J. Stevenson & Co.*, 749 F.2d 223, 229 (5th Cir.1984). Under this rule, the cause of action accrues when the harmful event occurs. The "Discovery Rule" applies when the plaintiff has sustained "a latent injury which either is not or cannot be discovered until long after the tortious act that caused the injury has occurred." *Id.* Under this rule, the cause of action accrues "on the date the plaintiff discovers, or reasonably should have discovered, both the injury and its cause." *Id.*

The Discovery Rule applies only to "pure latent injury" cases: cases in which "the plaintiff fails to discover either the injury or its cause until long after the negligent act occurred." *Id.* at 230. If the plaintiff "has sustained both immediate and latent injuries caused by a noticeable, traumatic occurrence," *id.* at 231, he has a "traumatic event/latent manifestation" case and the Time of Event Rule applies. *See Clay v. Union Carbide Corp.*, 828 F.2d 1103, 1106 (5th Cir.1987). In a traumatic event/latent manifestation case, "the plaintiff realizes both that he is injured and

2. The law is clear that only the Jones Act employer/shipowner owes an injured seaman maintenance and cure benefits. *See Morales v. Garijak, Inc.*, 829 F.2d 1355 (5th Cir.1987). Armstrong alleged that he worked for Trico and that Trico owned the TELLICO RIVER. Because Armstrong seeks maintenance and cure only from Trico, this remand does not concern Odeco.

what is responsible for causing the injury. The full extent of the harm, however, has not become manifest." *Albertson*, 749 F.2d at 231.

This case fits within the "traumatic event/latent manifestation" rule. Armstrong admitted experiencing psychological problems shortly after his frightening experience aboard the TELLICO RIVER during Hurricane Juan. He associated his problems with that traumatic event. Although the problems subsided when he moved to Oregon and became more severe when he renewed his employment with Trico, Armstrong knew he was injured in 1985. The district court correctly determined that Armstrong's Jones Act and general maritime claims were time barred.

For the foregoing reasons, we affirm the district court's dismissal of Armstrong's Jones Act and general maritime law claims. We remand for further consideration Armstrong's claim against Trico for maintenance and cure.

AFFIRMED in part and REMANDED.