# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 97-CA-01336-SCT

*OTIS G. McDONALD, FLORA McDONALD, ROBERT MORDICA, VON KYLE MODICA, ROBERT R. ROYALS, JUDY W. ROYALS, VENCIE PRUITT, RUTHIE MAE PRUITT, W. D. YOUNG, WILLIAM PAUL ROWELL, BERTIE FLOWERS, SARAH E. LIFE, MRS. A. W. LIVINGSTON, DAVID LIVINGSTON, ELIZABETH D. LIVINGSTON, AUDREY McCLELLAN, TOM McCLELLAN, CECIL McCLELLAN, JR., E. H. MORGAN, JOHN A. ASHLEY, JANE CAROL ASHLEY, EDNA M. SHEPARD, JANIS M. SUMRALL, JAMES THIGPEN, KATHERYN WHEELER, TEXANA McFARLAND, SAM SIMMONS, HELEN NAYLOR, NANCY CARTER, CORRINE SIMMONS, WILLIE MAE RAINES, HERMAN DEAS, IRA W. STRINGER, ONITA S. STRINGER, ROBERT E. BELL, SR., CHARLES HENRY BELL, LOVELLA HENRY, MARTHA C. HENRY, BOBBY RAY KIDD, JONIE KIDD, JAMES C. McKIBBON, ANNA TROTTER, AUGUSTUS F. BALL, CONNIE BALL, EULA HICKSON, LELAND L. STOKES, DIANE R. STOKES, MICHAEL R. STOKES, AND KIMBERLE D. STOKES*

*v.*

*MISSISSIPPI POWER COMPANY, A MISSISSIPPI CORPORATION AND SOUTHERN COMPANY, A DELAWARE CORPORATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 10/01/1997 |
| TRIAL JUDGE: | HON. H. DAVID CLARK |
| COURT FROM WHICH APPEALED: | JASPER COUNTY CHANCERY COURT |
| ATTORNEYS FOR APPELLANTS: | JOHN M. DEAKLE |
| | JOHN MICHAEL SIMS |
| | EUGENE C. THACH, JR. |
| | WILLIAM R. COUCH |
| | CURTIS R. HUSSEY |
| ATTORNEYS FOR APPELLEES: | S. ROBERT HAMMOND, JR. |
| | RICHARD L. YODER |
| | H. R. WILDER |
| | DONOVAN McCOMB |

NATURE OF THE CASE:                     CIVIL - EMINENT DOMAIN

DISPOSITION:                          REVERSED AND REMANDED - 1/14/99

MOTION FOR REHEARING FILED:    1/28/99

MANDATE ISSUED:                4/22/99

**BEFORE PRATHER, C.J., McRAE AND WALLER, JJ.**

**WALLER, JUSTICE, FOR THE COURT:**

## STATEMENT OF THE CASE

¶1. Otis G. McDonald, et al. appeals from the entry of an order of the Chancery Court of the First Judicial District of Jasper County granting summary judgment to Mississippi Power Company. McDonald raises the following issues on appeal.

    **I. WHETHER THE COURT BELOW ERRED IN HOLDING THAT MISSISSIPPI POWER IS NOT REQUIRED TO ESTABLISH THAT FIBER OPTIC CABLE IS NECESSARY FOR THE PRODUCTION AND DISTRIBUTION OF ELECTRIC POWER BEFORE ENTERING INTO A PRIVATE CONTRACT FOR LAYING FIBER OPTIC COMMUNICATION CABLE ON THE RIGHTS-OF-WAY.**

    **II. WHETHER THE COURT BELOW ERRED IN HOLDING THAT MISSISSIPPI POWER HAD THE RIGHT TO UTILIZE ITS POWER LINE EASEMENTS FOR THE PURPOSES OF MAKING A PROFIT FROM ACTIVITIES OTHER THAN THE SELLING OF ELECTRIC POWER AND THAT SUCH USE WAS NOT AN ADDITIONAL SERVITUDE ON APPELLANTS' PROPERTY.**

    **III. WHETHER THE COURT BELOW ERRED IN HOLDING THAT NO AMBIGUITY EXISTED IN THE LANGUAGE OF THE EASEMENTS WHICH FORM THE BASIS OF THIS DISPUTE.**

    **IV. WHETHER THE LOWER COURT ERRED IN DENYING THE APPELLANTS' REQUEST FOR INJUNCTIVE RELIEF.**

## STATEMENT OF THE FACTS

¶2. Otis G. McDonald and the other Plaintiffs (referred to collectively as "McDonald" hereinafter) are owners in fee simple of certain tracts of real property located in Jones, Clark and Jasper Counties, Mississippi. Mississippi Power Company ("MPC") obtained easements through the Plaintiffs' property by way of condemnation, eminent domain proceedings or voluntary easements executed by the Plaintiffs some thirty years prior to the filing of this action. Those easements gave MPC the right to "construct, operate and

maintain electric lines and all telegraph and telephone lines, towers, poles, wires, and appliances and equipment necessary or convenient in connection therewith from time to time and counterpoise wire and other counterpoise conductors, upon, over, under, and across a strip of land . . ."

¶3. MPC and the Southern Company ("Southern") filed a complaint for declaratory relief in the Chancery Court of the Second Judicial District of Jones County, Mississippi. This action was later transferred to the Chancery Court of the First Judicial District of Jasper County. MPC and Southern sought declaration that they had the right to use the existing easements to install and utilize fiber optic cables. McDonald filed a counter-claim seeking injunctive relief and damages resulting from MPC's installation of the fiber optic cable.

¶4. The Chancery Court of the First Judicial District of Jasper County, Honorable H. David Clark, II, presiding, entered an order of summary judgment and final judgment in favor of MPC. The record before this Court contains detailed conclusions of law, as well as findings of fact, made by Chancellor Clark. Many of the findings made by the chancellor are relevant here and are paraphrased below. As a matter of law, the chancellor found:

1. The easements to be "clear and unambiguous."

2. The language in the easements which states, "appliances and equipment convenient and necessary . . . included not only telephone and telegraph lines, but also fiber optic cable."

3. The fact that MPC profits from the fiber optic lines is irrelevant, since the easements were private contracts.

4. The right to install and operate fiber optic cable is a legal issue to be determined from the four corners of the instrument.

5. "Necessary and convenient" is utilized in its common usage, rather than "ascribing to those terms any special meanings used by the Public Service Commission."

6. MPC has the right to "utilize its assets as it sees fit" as long as it complies with the four corners of the easements.

7. Omission of "telephone and telegraph" in some of easements is immaterial, since "appliances and equipment necessary and convenient therewith, or other similarly broad language is broad enough to encompass the fiber optic cable."

8. MPC's successors and assigns have no greater rights than MPC originally had under the easements.

9. Laying of fiber optic cable is well within the express or implied language of the easements. Further, MPC has the right to enter the land for purposes of "installing, operating, and maintaining the subject communication line." MPC has "an unfettered right . . . including but limited to, leasing or selling excess capacity on said lines, without further compensation to the landowners."

10. Southern is not responsible in any way for the actions of MPC.

11. There is no genuine issue as to any material fact in controversy, and MPC and Southern are

entitled to prevail as a matter of law.

## STANDARD OF REVIEW

¶5. This Court's standard of review for summary judgment is well-settled and was recently restated in *Aetna Casualty & Sur. Co. v. Berry*, 669 So.2d 56 (Miss. 1996). In *Berry*, this Court stated:

> The standard for reviewing the granting or denying of summary judgment is the same standard as is employed by the trial court under Rule 56(c). This Court conducts de novo review of orders granting or denying summary judgment and looks at all the evidentiary matters before it--admissions in pleadings, answers to interrogatories, depositions, affidavits, etc. The evidence must be viewed in the light most favorable to the party against whom the motion has been made. If, in this view, the moving party is entitled to a judgment as a matter of law, summary judgment should forthwith be entered in his favor. Otherwise, the motion should be denied. Issues of fact sufficient to require denial of a motion for summary judgment obviously are present where one party swears to one version of the matter in issue and another says the opposite. In addition, the burden of demonstrating that no genuine issue of fact exists is on the moving party. That is, the non-movant would be given the benefit of the doubt.

*Berry,* 669 So.2d at 70 (*quoting Mantachie Natural Gas v. Mississippi Valley Gas Co.*, 594 So.2d 1170, 1172 (Miss. 1992)); *Caldwell v. Alfa Ins. Co.*, 686 So.2d 1092, 1095 (Miss. 1996).

¶6. Moreover, a motion for summary judgment should be denied unless the trial court finds beyond any reasonable doubt that the plaintiff would be unable to prove any facts to support his/her claim. *Yowell v. James Harkins Builder, Inc.*, 645 So.2d 1340, 1343 (Miss. 1994); *McFadden v. State*, 580 So.2d 1210, 1214 (Miss. 1991). The trial court cannot try issues of fact on a Rule 56 motion; it may only determine whether there are issues to be tried. *Yowell*, 645 So.2d at 1343-44; *Brown v. Credit Ctr., Inc.*, 444 So.2d 358, 362 (Miss. 1983).

¶7. In considering a motion for summary judgment, the trial court must view all the evidence (admissions in pleadings, depositions, affidavits, answers to interrogatories, etc.) in the light most favorable to the non-moving party; and, upon this consideration, if the moving party is entitled to judgment as a matter of law, the motion should be granted; otherwise, it should be denied. *Sanford v. Federated Guar. Ins. Co.*, 522 So.2d 214, 217 (Miss. 1988); *Southern Farm Bureau Cas. Ins. Co. v. Brewer*, 507 So.2d 369, 370 (Miss. 1987); *Brown*, 444 So.2d at 363.

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

*Brown*, 444 So.2d at 364 (*quoting* M.R.C.P. 56(e)).

## DISCUSSION OF THE LAW

### I. WHETHER THE COURT BELOW ERRED IN HOLDING THAT MISSISSIPPI POWER IS NOT REQUIRED TO ESTABLISH THAT FIBER OPTIC CABLE IS NECESSARY FOR THE PRODUCTION AND DISTRIBUTION OF ELECTRIC POWER

**BEFORE ENTERING INTO A PRIVATE CONTRACT FOR LAYING FIBER OPTIC COMMUNICATION CABLE ON THE RIGHTS-OF-WAY.**

**II. WHETHER THE COURT BELOW ERRED IN HOLDING THAT MISSISSIPPI POWER HAD THE RIGHT TO UTILIZE ITS POWER LINE EASEMENTS FOR THE PURPOSES OF MAKING A PROFIT FROM ACTIVITIES OTHER THAN THE SELLING OF ELECTRIC POWER AND THAT SUCH USE WAS NOT AN ADDITIONAL SERVITUDE ON APPELLANTS' PROPERTY.[1]**

¶8. MPC obtained its easements through a certificate of public necessity obtained from the Public Service Commission ("PSC"). McDonald argues that in order for MPC to lay fiber optic cable it must obtain new easements. The large majority of the easements[2] in dispute contain the following language:

> ...do hereby grant to said Mississippi Power Company, its successors and assigns the right, without limitation as to duration of use, to construct, operate and maintain electric lines and all telegraph and telephone lines, towers, poles, wires, and appliances and equipment necessary or convenient in connection therewith from time to time....

It is clear that the above clause gives MPC the right to maintain telephone lines which are "necessary or convenient" in providing electrical services. The first question here is whether a fiber optic cable is the equivalent to a telephone line. We have addressed a similar question in ***Ball v. American Telephone & Telegraph Co.***, 227 Miss. 218, 86 So.2d 43 (Miss. 1956).

¶9. ***Ball*** held that an easement acquired for telephone and telegraph service could also be used to carry television signals. ***Id***. at 226, 86 So.2d at 45. With this conclusion we wholly agree. Under the above easement, MPC has the right to maintain a telephone line for use in connection with providing electrical service. The clear intent of the easement was to grant MPC the right to install and maintain telephone lines to be used in connection with the providing of electrical services. A fiber optics cable is nothing more than a technologically advanced or new type of telephone line. The chancellor was correct in holding that the granting clause of the above easement gives MPC the right to maintain a fiber optics cable.

¶10. However, to say simply that MPC has the right, under the present easements, to utilize a fiber optics cable does not fully answer the question. MPC wishes to sublet space on its fiber optics cable to third parties for uses other than providing electricity. Unlike the easements before the ***Ball*** Court, MPC's current easements contain limiting language which precludes them from utilizing the fiber optics cable for anything but services provided in connection with supplying electricity. According to the phrase in question, MPC's use of "telegraph and telephone lines, towers, poles, wires, and appliances and equipment" is limited to "in connection therewith" MPC's service of providing electricity to its customers. Although it would not constitute an additional servitude on the property, MPC without more definite easements simply does not have the authority. Since MPC drafted a number of the easements in question, they are interpreted most favorably to the landowner. ***Capital Elec. Power Ass'n v. Hinson***, 226 Miss. 450, 463, 84 So.2d 409, 413 (1956). We find that the chancellor erred in holding that the language of the above easements permitted MPC to sublease space on its fiber optics cables for purposes other than those which are in connection with providing electricity.

¶11. Although unclear in the record as to exactly which other easements were the subject of the chancellor's opinion, it is apparent that he considered at least two (2) easements which were obtained through

condemnation or eminent domain proceedings. The power of eminent domain is generally construed in favored of the landowner. ***Berry v. Southern Pine Elec. Power Ass'n***, 222 Miss. 260, 274, 76 So.2d 212, 217 (1954). At page two hundred forty-eight (248) of the record, there is an easement obtained from Elige L. Dase, et al, which contains the following language:

> ...for the erection and maintenance of poles, wires and other facilities and appurtenances necessary to, or used in connection with, an electrical transmission distribution line or lines...

As with the previous easements, this too contains the language which is broad enough to encompass the use of communications lines, but limits the use of that incident to providing electrical service.

¶12. A review of the record indicates only the above two (2) types of easements, though it is not entirely clear whether or not these were all that were at issue. We find it unnecessary to reach the other contentions raised by McDonald under issues I and II.

### III. WHETHER THE COURT BELOW ERRED IN HOLDING THAT NO AMBIGUITY EXISTED IN THE LANGUAGE OF THE EASEMENTS WHICH FORMED THE BASIS OF THIS DISPUTE.

¶13. It is McDonald's argument that the easement is ambiguous on its face, and parole evidence should be allowed to determine the intent of the parties. Specifically, he argues that because the term "under" is found in the granting clause and not in the descriptive clause the easement is ambiguous. The granting clause of the easements allows MPC to "operate and maintain . . . equipment necessary or convenient therewith . . . upon, over, **under**, and across . . . ." (emphasis added). In the descriptive portion of the easements, the following additional language is found. "The 125 foot wide right of way herein granted **over and across** the above described land . . . ." (emphasis added). McDonald argues that the omission of the word "under" from the descriptive portion renders the whole easement ambiguous. We disagree.

¶14. The question of whether ambiguity exists within an instrument is one of law. ***Lamb Constr. Co. v. Town of Renova***, 573 So.2d 1378, 1383 (Miss. 1990). Where there is conflicting language found in the granting clause and the descriptive or recital clause, the granting clause controls. ***Mississippi Cent. R.R. Co. v. Ratcliff***, 214 Miss. 674, 684, 59 So.2d 311, 314 (1952); ***Dossett v. New Orleans Great N. R.R.***, 295 So.2d 771, 774 (Miss. 1974); ***Jones v. New Orleans & N. E. R. Co.***, 214 Miss. 804, 814, 59 So.2d 541, 543 (1952). The granting clause *supra* clearly gives MPC the right to install underground cable.

### IV. WHETHER THE LOWER COURT ERRED IN DENYING THE APPELLANTS' REQUEST FOR INJUNCTIVE RELIEF.

¶15. In lieu of the foregoing findings, we find it unnecessary to reach the Appellants' fourth assignment of error.

### CONCLUSION

¶16. MPC's rights, and those of its successors and assigns, are limited by the language of the easements in question, the plain language of which limits the use of telephone lines to be in connection with providing electrical services. As such, it was erroneous for the chancellor to grant MPC's motion for summary judgment. This action is reversed and remanded for proceedings not inconsistent with this opinion.

¶17. **REVERSED AND REMANDED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., BANKS, McRAE, ROBERTS, SMITH AND MILLS, JJ., CONCUR.**

1. We consider McDonald's first two assignments of error together, as the following analysis is germane to both issues.

2. The record indicates that the chancellor had seventy-seven (77) before him, though we are unable to precisely identify the seventy-seven (77) easements in the record.