United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 28, 2004**

Charles R. Fulbruge III
Clerk

REVISED JULY 22, 2004

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 03-60214
_____

MAX V MCLAUGHLIN; ET AL

Plaintiffs

v.

MISSISSIPPI POWER COMPANY; ET AL

Defendants

_____

INTERSTATE FIBERNET INC

Plaintiff - Appellant

v.

THIRTY-SEVEN (37) PARCELS; ET AL

Defendants

THIRTY-SEVEN (37) PARCELS OF REAL PROPERTY, LOCATED IN
FORREST, HANCOCK, HARRISON, JACKSON, JONES, LAMAR AND
LAUDERDALE COUNTIES, MISSISSIPPI; BANCORPSOUTH BANK; MARY
JANE DELMAS BAUGH; TERRELL ANN FORD; MARGARET FORD MURPHY;
CHANTILLY CORP; CLEMOVER CORP; COLUMBIA VENTURES INC;
COMMUNITY BANK; FEDERAL LAND BANK ASSOCIATION OF SOUTH
MISSISSIPPI FLCA; JOHN FORD, also known as Rena A Ford,
Trustee Of The Rena A Ford Inter Vivos Trust Agreement; MARY
ELIZABETH FORD, also known as Rena A Ford, Trustee of the
Rena A Ford Inter Vivos Trust Agreement; RENA ANN FORD, also
known as Rena A Ford, Trustee of the Rena A Ford Inter Vivos
Trust Agreement; MARIE FORD HORNE, also known as Rena A
Ford, Trustee of the Rena A Ford Inter Vivos Trust
Agreement; H H WHITE LIMITED PARTNERSHIP; DAVID HOBGOOD;
RICHARD HOBGOOD; ROBERT HOBGOOD, also known as Robert
Hobgood; STEVEN A MCRAE, also known as Stephen McRae; DENNIS
L PIERCE; RAY CROWELL REAL ESTATE INC; BRYAN SALIBA; NICK

1

WELCH; WEYERHAEUSER CO; UNKNOWN OTHERS; PLUM CREEK SOUTH
CENTRAL TIMBERLANDS, LLC

                    Defendants - Appellees

PURCELL COMPANY INC

                    Defendant-Counter-Claimant - Appellees

v.

MISSISSIPPI POWER COMPANY

                    Counter-Defendant - Appellant

---

Appeal from the United States District Court
for the Southern District of Mississippi

---

Before KING, Chief Judge, and BENAVIDES and CLEMENT, Circuit
Judges.

PER CURIAM:

Mississippi Power Company (MPC) and Interstate Fibernet,
Inc. (IFN) appeal an order dissolving an injunction, dismissing
IFN's complaint, and refusing to certify a class.  We affirm.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

MPC, an electricity provider, owns easements across tracts
of real property owned by Nick Welch, Purcell Company, Inc.,
Weyerhaeuser Company, Plum Creek South Central Timberlands, LLC,
and the other defendants in this suit.  Among other things, these
easements authorize MPC to operate telecommunications lines
across the defendants' properties "in connection" with their main
business of supplying electricity.

MPC entered into a contract with IFN, wherein IFN agreed to contribute to the cost of constructing and maintaining a fiber optic line through MPC's easements in exchange for the right to use the line for its commercial telecommunications business.  In McDonald v. Mississippi Power Co., the Mississippi Supreme Court held that MPC had the right, under the terms of its easements, to install and to use fiber optic cables.  732 So. 2d 893, 897 (Miss. 1999).  Additionally, the court held that MPC's sublease of the line to IFN did not constitute an additional servitude on the properties.  Id.  But the court also held that the terms of the easements prevented MPC from subleasing space on its fiber optic cables "for purposes other than those which are in connection with providing electricity."  Id.  The court then remanded the case.  Id. at 898.

While McDonald was pending in the state trial court on remand, IFN filed this suit in federal district court, seeking a declaration that it owed no compensation to any of the defendants for its use of MPC's fiber optic line, either because MPC had the right to allow IFN to use its fiber optic line or because IFN's use of the line imposed no additional burden or servitude on the properties.  In the alternative, IFN asked the district court to condemn an interest across the thirty-seven parcels of land for its use.  IFN premised jurisdiction on diversity of citizenship.

Two of the defendants to the suit, Welch and Purcell, filed

3

a class-action counterclaim against IFN and a class-action third-party complaint against MPC and Southern Company, which owns MPC. Welch and Purcell's counterclaim and third-party complaint alleged violations of the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. § 1961 et seq. (2000), slander of title, trespass, civil conspiracy, unjust enrichment, fraudulent concealment, and conversion. MPC, in turn, filed a counterclaim against Welch and Purcell, seeking a declaration that it had the right to allow third parties to use its telecommunication lines, a declaration that Welch and Purcell (and any future class members) had suffered no damages, and an injunction against Welch and Purcell (and any future class members) to prevent them from interfering with MPC's use of its telecommunications lines.

After MPC was made a party to Interstate Fibernet, the district court consolidated the suit with McLaughlin v. Mississippi Power Co., a similar suit filed by Mississippi landowners against MPC. The district court's order consolidated the two suits "for all purposes."

In the meantime, IFN filed a motion with the district court to enjoin two defendants, Bryan Siliba and Dennis Pierce, from pursuing an action they had filed in Mississippi state court against IFN and MPC. The district court granted IFN's motion, pending resolution of the court's subject-matter jurisdiction.

In accordance with their class-action counterclaim and

third-party complaint, Welch and Purcell filed a motion to certify a class of similarly situated landowners.  Shortly thereafter, IFN moved to file an amended complaint that requested certification of a defendant and counter-plaintiff class represented by Welch and Purcell.[1]  Eventually, though, Welch and Purcell filed a motion to withdraw their motion for class certification and began to oppose IFN's attempts to certify a class.  Welch and Purcell asserted that the typicality and adequacy requirements for class certification under Federal Rule of Civil Procedure 23 could not be met.

On February 19, 2003, the district court issued a memorandum opinion and order.  After finding that it lacked subject-matter jurisdiction over IFN's claims, the district court dismissed IFN's complaint, denied IFN and MPC's motion for class certification, and vacated the injunction against state-court proceedings.  The district court also purported to dismiss "the case styled Interstate Fibernet v. Thirty-Seven (37) Parcels of Real Property."  IFN appealed "from the order entered in Civil Action No. 1:01CV324SR on the 19th day of February, 2003, . . . and from any final judgment to be entered pursuant thereto under Fed.R.Civ.P. 58."  The district court did not, however, dismiss McLaughlin, the case with which Interstate Fibernet had been consolidated.  Furthermore, the district court

---

[1]     MPC later joined in IFN's motion for class certification.

5

did not enter a final judgment under Rule 58.

After IFN and MPC filed an appeal with this court, the district court continued to exercise jurisdiction over Interstate Fibernet. The district court issued an order on March 19, 2003 that, inter alia, granted Welch and Purcell's motion to withdraw their RICO claims, granted Welch and Purcell's motion to withdraw their motion for class certification, and denied as moot Welch and Purcell's motion to dismiss for lack of subject-matter jurisdiction. The order also dealt with various issues in the McLaughlin case. Then, on May 7, 2003, the district court issued an order granting John M. Deakle's motion for leave to withdraw as counsel of record for Welch and Purcell.

Based on the unusual circumstances surrounding the district court's February 19 order, this court requested the parties to address whether we have jurisdiction to hear this appeal. Welch and Purcell took the position that we lack appellate jurisdiction, and filed a motion to remand. That motion was carried with the case.

## II.   APPELLATE JURISDICTION

### A.   28 U.S.C. § 1291

Before we consider the merits of this appeal, we must first determine whether appellate jurisdiction exists. IFN and MPC contend that we have jurisdiction over this appeal because the district court's February 19 order was a "final decision"

6

appealable under 28 U.S.C. § 1291. Welch and Purcell respond that the order is not a final decision, under Ringwald v. Harris, 675 F.2d 768, 771 (5th Cir. 1982), because the order dealt only with Interstate Fibernet, even though Interstate Fibernet had been consolidated for all purposes with McLaughlin and the two suits could have been filed as one suit. IFN and MPC disagree. We conclude, however, that the district court's February 19 order was not a final judgment because it did not dispose of all claims in the Interstate Fibernet case and the district court did not, apparently, intend for the order to be a final judgment.

"A 'final decision' generally is one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." Catlin v. United States, 324 U.S. 229, 233 (1945). Thus, "as a general rule, all claims and issues in a case must be adjudicated before appeal, and a notice of appeal is effective only if it is from a final order or judgment." Swope v. Columbian Chems. Co., 281 F.3d 185, 191 (5th Cir. 2002). We have also cautioned that "[t]he intention of the judge is crucial in determining finality." Vaughn v. Mobil Oil Exploration & Producing S.E., Inc., 891 F.2d 1195, 1197 (5th Cir. 1990).

In its February 19 order, the district court did not dispose of all the claims before it; Welch and Purcell's counterclaims and third-party complaint were still pending, as was MPC's counterclaim. Therefore, the district court's order would not

7

normally be considered a final judgment.  There are at least two exceptions to the rule that a district court must dispose of all issues for its decision to be final, however.  Thus, before concluding that the February 19 order was not a final decision, we must consider whether either of these exceptions applies.

First, a decision is final if the only claims not disposed of by the district court were abandoned.  E.g., Moreau v. Harris County, 158 F.3d 241, 244 (5th Cir. 1998); Chiari v. City of League City, 920 F.2d 311, 314 (5th Cir. 1991).  There is no argument here that the parties abandoned their claims.  Therefore, this exception does not apply.

Second, a decision that does not specifically refer to all pending claims will be deemed final if it is clear that the district court intended, by the decision, to dispose of all claims.  Vaughn, 891 F.2d at 1197-98; see also Armstrong v. Trico Marine, Inc., 923 F.2d 55, 58 (5th Cir. 1991).  Thus, in Vaughn, we held that a district court's decision was intended to be final, even though it left open a cross-claim, because it was "couched in language calculated to conclude all claims," and, after issuing the judgment, the district court closed the case and the clerk entered judgment.  891 F.2d at 1197-98.  Likewise, in Armstrong, we held that a district court's decision was final even though it failed to address two of the plaintiff's claims, because the district court's decision "facially dismissed [the] entire complaint" and the clerk subsequently entered judgment

8

against the plaintiff.  923 F.2d at 58.

Unlike the district courts in <u>Vaughn</u> and <u>Armstrong</u>, the district court here did not evince an intent to end the litigation by its order.  True, the order did purport to dismiss the entire case.  But, importantly, the district court did not close the case or direct the clerk to enter judgment after issuing its opinion.  Furthermore, the district court continued to exercise jurisdiction over the case following its February 19 order, issuing orders on March 19 and on May 7.  Accordingly, we conclude that the district court did not intend for its February 19 order to be a final judgment.[2]

Because the February 19 order did not dispose of all the claims in the case, and the district court did not, apparently, intend for the order to be final, the order is not a final decision.  The parties failed to appeal from the district court's subsequent orders on March 19 and May 7.  Therefore, there has

---

[2]     Moreover, this court did not gain jurisdiction over the appeal once the district court dismissed Welch and Purcell's RICO counterclaim.  Although our circuit formerly accepted premature appeals in cases where the judgment became final prior to the disposition of the appeal, <u>Alcorn County, Miss. v. United States Interstate Supplies, Inc.</u>, 731 F.2d 1160, 1165-66 (5th Cir. 1984), we held in <u>United States v. Cooper</u>, 135 F.3d 960, 963 (5th Cir. 1998), that the <u>Alcorn</u> line of cases was no longer good law after the Supreme Court's opinion in <u>FirsTier Mortgage Co. v. Investors Mortgage Insurance Co.</u>, 498 U.S. 269 (1991).  The rule announced in <u>Cooper</u> is that we may consider premature appeals "only where there has been a final decision, rendered without a formal judgment."  135 F.3d at 963.  Since the district court's February 19 order was not a final decision, the appeal cannot be saved by the rule in <u>Cooper</u>.

9

been no appeal from a final decision, and we do not have jurisdiction over this appeal under § 1291.

**B.   28 U.S.C. § 1292(a)(1)**

In the alternative, IFN contends that this court has jurisdiction over its appeal under 28 U.S.C. § 1292(a)(1) because the February 19 order dissolved an injunction.  Section 1292(a)(1) provides that "the courts of appeals shall have jurisdiction of appeals from . . . [i]nterlocutory orders of the district courts . . . dissolving injunctions."

In its February 19 order, the district court vacated the injunction it had entered on March 25, 2002, which prohibited Defendants Siliba and Pierce from pursuing their state-court suit against IFN and MPC.  Thus, it would appear that we have jurisdiction over this appeal under § 1292(a)(1).  Nevertheless, Welch and Purcell, citing Gardner v. Westinghouse Broadcasting Co., 437 U.S. 478 (1978), argue that jurisdiction under § 1292(a)(1) does not exist because dissolution of the injunction did not have an "irreparable impact on the merits of the controversy," id. at 482.

Welch and Purcell's reliance on Gardner is misplaced. Gardner did not deal with a situation where the district court had explicitly granted or denied an injunction.  Rather, the question in Gardner was whether an order denying a motion for class certification could be appealed under § 1292(a)(1) as an

10

order denying an injunction.  Id. at 478-79.  The Court held that the order denying class certification could not be appealed because it had "no direct or irreparable impact on the merits of the controversy."  Id. at 482.  Gardner did not change the rule that "[o]rders which explicitly grant or deny injunctive relief are immediately appealable as of right; no additional finding of a threat of immediate, irreparable injury is required."  Sherri A.D. v. Kirby, 975 F.2d 193, 203 (5th Cir. 1992).  But, after Gardner, "orders which . . . have the practical effect of denying an injunction, but do not do so in explicit terms, are immediately appealable if the order threatens 'serious, perhaps irreparable consequences' and can be effectively challenged only by immediate appeal."  Id. (quoting Carson v. Am. Brands, Inc., 450 U.S. 79, 84 (1981)).

The district court's February 19 order explicitly dissolved an injunction that it had previously granted.  Thus, an appeal from that order fits squarely within § 1292(a)(1) and no finding of irreparable injury is required.  See Hamilton Plaintiffs v. Williams Plaintiffs, 147 F.3d 367, 370 (5th Cir. 1998) ("[T]he challenged order explicitly dissolved injunctive relief . . . . Accordingly, the order clearly is appealable under 28 U.S.C. § 1292(a)(1).").  Consequently, we have jurisdiction over this appeal.[3]

_____

[3]    Given our conclusion that we have jurisdiction over this appeal under § 1292(a)(1), we deny the motion of Welch and

11

### III.  SCOPE OF THE APPEAL

In this interlocutory appeal under § 1292(a)(1), we may consider only those issues that bear on the district court's decision to dissolve the injunction against Siliba and Pierce. The district court's decision to dissolve the injunction was premised on its conclusion that it lacked subject-matter jurisdiction over IFN's claims.  Thus, in order to consider whether the dissolution was proper, we must necessarily consider whether the district court was correct that it lacked subject-matter jurisdiction.  See <u>Veldhoen v. United States Coast Guard</u>, 35 F.3d 222, 225 (5th Cir. 1994) (considering the district court's subject-matter jurisdiction on an appeal of an order denying an injunction under § 1292(a)(1)).

MPC asks us also to consider its counterclaim against Welch and Purcell.  MPC's counterclaim, however, has no bearing on the district court's decision to dissolve the injunction.  Therefore, we will not address the issue in this appeal.  See <u>Sherri A.D.</u>, 975 F.2d at 204-05 (declining, in an appeal under § 1292(a)(1), to consider issues that did not "resolve the legal status of plaintiff's claims for injunctive relief.").

### IV.  SUBJECT-MATTER JURISDICTION

### A.  Standard of Review

We review for abuse of discretion the district court's

---

Purcell to remand for lack of appellate jurisdiction.

12

decision to dissolve an injunction.  <u>Collum v. Edwards</u>, 578 F.2d 110, 113 (5th Cir. 1978).  Here, however, the district court based its dissolution of the injunction on the legal conclusion that it lacked subject-matter jurisdiction.  We review this legal issue de novo.  <u>See</u> <u>Guy Carpenter & Co. v. Provenzale</u>, 334 F.3d 459, 463 (5th Cir. 2003); <u>In re Bissonnet Invs. LLC</u>, 320 F.3d 520, 522 (5th Cir. 2003).  We review a district court's decision regarding class certification for abuse of discretion.  <u>Allison v. Citgo Petroleum Corp.</u>, 151 F.3d 402, 408 (5th Cir. 1998).

**B.    Diversity Jurisdiction**

In <u>Strawbridge v. Curtiss</u>, 7 U.S. (3 Cranch) 267 (1806), the Supreme Court established the rule of complete diversity for cases arising under 28 U.S.C. § 1332.  "The concept of complete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."  <u>Harrison v. Prather</u>, 404 F.2d 267, 272 (5th Cir. 1968).  IFN concedes that complete diversity does not exist in this case because it shares state citizenship with some of the defendants.  Nevertheless, IFN argues that jurisdiction is proper in this case, for one of three reasons.  First, IFN contends that Federal Rule of Civil Procedure 71A creates an exception to the rule of complete diversity.  Second, IFN suggests that any nondiverse defendants could be dismissed from the case, leaving the district court with subject-matter jurisdiction over the

13

remaining parties.  Third, IFN points out that complete diversity

is not required under Federal Rule of Civil Procedure 23 and,

thus, that jurisdiction would exist if the district court had

certified a class.  We address each of these arguments in turn.

    1.   Rule 71A

28 U.S.C. 1367(a) authorizes courts to exercise supplemental

jurisdiction over "claims that are so related to claims in the

action within such original jurisdiction that they form part of

the same case or controversy under Article III."  Section 1367(b)

provides, however, that when original jurisdiction is based on

the diversity of the parties, the district court may not exercise

supplemental jurisdiction "over claims by plaintiffs against

persons made parties under Rule 14, 19, 20, or 24 of the Federal

Rules of Civil Procedure" when it would be "inconsistent with the

jurisdictional requirements of section 1332."[4]

    IFN argues that the defendants were not joined under Rules

---

[4]    The full text of § 1367(b) provides:
In any civil action of which the district courts have
original jurisdiction founded solely on section 1332 of
this title, the district courts shall not have
supplemental jurisdiction under subsection (a) over
claims by plaintiffs against persons made parties under
Rule 14, 19, 20, or 24 of the Federal Rules of Civil
Procedure, or over claims by persons proposed to be
joined as plaintiffs under Rule 19 of such rules, or
seeking to intervene as plaintiffs under Rule 24 of such
rules, when exercising supplemental jurisdiction over
such claims would be inconsistent with the jurisdictional
requirements of section 1332.

14, 19, 20, or 24 of the Federal Rules of Civil Procedure. Rather, the parties were joined under Rule 71A, which governs condemnation actions. Since Rule 71A is not listed in § 1367(b), reasons IFN, Congress must have meant to exclude it. Thus, according to IFN, the district court could have exercised supplemental jurisdiction (consistent with § 1367(b)) over IFN's claims against the nondiverse defendants.

IFN's reasoning suffers from a fundamental flaw. Rule 71A(b) provides that, in condemnation actions, "[t]he plaintiff may join in the same action one or more separate pieces of property, whether in the same or different ownership and whether or not sought for the same use." (emphasis added). Thus, Rule 71A permits joinder of "pieces of property," not parties. Cf. Garrett v. United States, 407 F.2d 146, 150 n.5 (8th Cir. 1969) ("Provisions of Rule 71A(b) permitting joinder of parcels of land in condemnation are much broader than comparative provisions governing joinder of parties (Rules 19 and 20) or joinder of claims (Rule 18)." (emphasis added)). The defendants in this suit, therefore, must have been joined under another Rule, such as Rule 19 or Rule 20. See FED. R. CIV. P. 71A(a) ("The Rules of Civil Procedure for the United States District Courts govern the procedure for the condemnation of real and personal property under the power of eminent domain, except as otherwise provided in this rule."); see also United States v. Smith, 307 F.2d 49, 58 (5th Cir. 1962) (noting that parties could be joined pursuant to

Rule 19 in a condemnation proceeding under Rule 71A). Since § 1367(b) provides that there must be complete diversity where parties are joined in a diversity suit under Rule 19 or Rule 20, complete diversity is required here.

2. <u>Dismissal of nondiverse parties</u>

Even if Rule 71A does not create an exception to the rule of complete diversity, argues IFN, diversity in this suit could be obtained by dismissing any nondiverse parties. In appropriate circumstances, a court of appeals may dismiss dispensable nondiverse parties whose presence defeats diversity jurisdiction. <u>Newman-Green, Inc. v. Alfonzo-Larrain</u>, 490 U.S. 826, 837-38 (1989). We conclude, however, that once IFN joined the separate parcels of real property, the landowners became indispensable parties. Thus, we decline to dismiss the nondiverse parties in this suit.

In a suit to condemn real property, known property owners are necessary parties who must be joined. <u>See</u> FED. R. CIV. P. 71A(c)(2) ("Upon the commencement of the action, the plaintiff <u>need join</u> as defendants only the persons having or claiming an interest in the property whose names are then known . . . ." (emphasis added)); <u>United States v. 194.08 Acres of Land</u>, 135 F.3d 1025, 1031 (5th Cir. 1998). Since IFN elected to proceed against multiple properties in this suit, IFN was required to

join all property owners.[5]  Thus, technically, it is not the parties who were misjoined, but the properties.  Rule 21 gives us the power to dismiss misjoined <u>parties</u>.  <u>See</u> Rule 21 ("<u>Parties</u> may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just." (emphasis added)); <u>Newman-Green</u>, 490 U.S. at 837-38.  But there is no corresponding rule that permits us to dismiss misjoined <u>properties</u>.  Consequently, we may dismiss neither the properties nor their (now-necessary) owners from this suit, in order to establish diversity jurisdiction.

 3. <u>Rule 23</u>

 Finally, IFN argues that it need not be diverse from every landowner, if the landowners are certified as a class.  "[I]n a class action authorized pursuant to Federal Rule of Civil Procedure 23, only the citizenship of the named representatives of the class is considered, without regard to whether the citizenship of other members of the class would destroy complete diversity. . . ."  <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 199-200 (1990); <u>Manguno v. Prudential Prop. & Cas. Ins. Co.</u>, 276 F.3d 720, 723 (5th Cir. 2002).  Thus, the citizenship of the unnamed class members is irrelevant to whether we have diversity

---

  [5] Of course, it was not necessary for IFN to join all properties it sought to condemn.  <u>Cf.</u> FED. R. CIV. P. 71A(b) ("The plaintiff <u>may join</u> in the same action one or more separate pieces of property . . . ." (emphasis added)).

jurisdiction, so long as the named class members are diverse from the opposing parties.

Before the district court, IFN and MPC requested that Welch and Purcell be made representatives of a defendant and counter-plaintiff class. A class represented by Welch and Purcell would not meet diversity requirements because (as IFN concedes) Purcell is not diverse from IFN. On appeal, however, IFN and MPC have changed tactics and now argue that a class should have been certified with Welch alone acting as class representative. Since Welch is diverse from IFN, and the amount in controversy has been met with regard to Welch, a class represented by Welch would (as the new theory goes) meet the diversity requirements of § 1332. We are not disposed to salvage the district court's jurisdiction over this case by permitting IFN and MPC to raise for the first time on appeal an argument that would require us to permit one class representative to be dropped, leaving only Welch as the lone class representative. The propriety of Welch as the lone class representative was not passed on by the district court, and it is a sensitive, fact-bound inquiry that ought not be made in the first instance at the court of appeals level. Accordingly, we conclude that the district court did not have diversity jurisdiction over this case.

## C. Federal-Question Jurisdiction

IFN argues that even if diversity jurisdiction is lacking,

federal-question jurisdiction was created when Welch and Purcell filed their counterclaim against IFN. According to IFN, the district court had federal-question jurisdiction over Welch and Purcell's counterclaim because the claim--which asserted violations of RICO, 18 U.S.C. § 1961 et seq.--arose under federal law. See 28 U.S.C. § 1331. Furthermore, IFN contends that, once it had jurisdiction over Welch and Purcell's counterclaim, the district court could have exercised supplemental jurisdiction over IFN's state-law claims.

If an independent jurisdictional ground exists for a counterclaim, the district court can retain jurisdiction over the counterclaim even if the original claims are dismissed for lack of subject-matter jurisdiction. Kuehne & Nagel (AG & Co) v. Geosource, Inc., 874 F.2d 283, 291 (5th Cir. 1989). Moreover, if the district court retains jurisdiction over the counterclaim, it may permit the dismissed claims to be asserted as counterclaims to the retained claim. Id. But that does not mean that dismissal of the original claims is not warranted in the first place. See id. IFN never attempted to re-file its claims as counterclaims. Nor did it appeal the district court's decision to allow Welch and Purcell to withdraw their RICO counterclaims. Therefore, we see no error in the district court's dismissal of IFN's state-law claims for lack of subject-matter jurisdiction.

## V. CONCLUSION

19

We AFFIRM the district court's decision to dissolve the injunction against Siliba and Pierce for the reason, recognized by the district court, that it had no jurisdiction to enter the injunction.