943 So.2d 108 (2006)
Havis B. BYRD, Appellant
v.
MISSISSIPPI POWER COMPANY, A Mississippi Corporation, Appellee.
No. 2005-CA-00323-COA.
Court of Appeals of Mississippi.
November 21, 2006.
Edward Gibson, Charles Gibson, III, Jackson, attorneys for appellant.
Roderick Mark Alexander, Ben Harry Stone, Jonathan Paul Dyal, Gulfport, attorneys for appellee.
Before KING, C.J., SOUTHWICK and IRVING, JJ.
KING, C.J., for the Court.
¶ 1. Havis B. Byrd, a landowner with property in Forrest County, Mississippi, appeals the trial court's decision to grant partial summary judgment to Defendants Mississippi Power Co. and Southern Co.[1] *110 The trial court granted summary judgment on the issue of damages for Byrd's trespass claim and entered final judgment on the partial summary judgment.

PROCEDURAL HISTORY AND FACTS
¶ 2. Byrd, along with various other landowners in Forrest County, Mississippi, filed a complaint against Mississippi Power Co. (MPC) and Southern Co. (SoCo) on December 23, 2002. The amended complaint, which added third-party lessee, Interstate Fibernet, Inc. (IFN), as a defendant pursuant to an order from the trial court, alleged that MPC improperly installed fiber-optic cable on Plaintiffs' property and improperly permitted third parties to lease the excess space on those cables. Plaintiffs contended that the easements given to MPC did not permit these actions because the easements limited the use of the easement to installation of lines "necessary and convenient to" and "in connection with" the supply of electricity to MPC customers.
¶ 3. Plaintiffs alleged that MPC failed to give notice of the installation of the fiber-optic cable, fraudulently advised Plaintiffs that the work done was routine maintenance on the existing lines rather than installation of the fiber-optic cable, and failed to inform Plaintiffs that the excess cable capacity was being leased to third parties. Plaintiffs contended that MPC was profiting from these third-party leases and that the value of Plaintiffs' properties were diminished as a result of MPC's actions. Plaintiffs' amended complaint alleges counts of trespass, nuisance, conversion, unjust enrichment, fraudulent concealment, fraud/fraudulent misrepresentation, and rescission (equitable reformation).
¶ 4. MPC filed a motion for partial summary judgment on the issue of trespass damages. In the motion, MPC asserted that McDonald v. Mississippi Power Co., 732 So.2d 893 (Miss.1999), had addressed some of the issues raised by Plaintiffs. Specifically, MPC argued that McDonald held that third-party use of a fiber-optic cable does not create an additional servitude on the property, as the existence of the line (which belonged to MPC), and not IFN's third-party use of the line, created the imposition on the land. Accordingly, MPC argued, Plaintiffs could not be entitled to damages for trespass because there was no additional servitude arising from IFN's use of the line and, therefore, no trespass, even if IFN's usage exceeded the scope of MPC's easements.
¶ 5. Plaintiffs opposed the motion for partial summary judgment and argued as follows: MPC's easements permitted the company to install equipment "necessary and convenient to and in connection with" MPC's business  supplying electricity to its customers. Plaintiffs contended that MPC's sole purpose in installing the fiber-optic cable was to profit from the sale of the space to third parties. Plaintiffs also argued that any trespass gives rise to at least nominal damages and, if the trespass is willful and wanton, punitive damages. Finally, Plaintiffs argued that the finding of no additional servitude in McDonald was irrelevant to the issue of trespass damages.
¶ 6. The trial court granted MPC's motion for partial summary judgment, adopting MPC's proposed findings of fact and conclusions of law in toto. The trial court then entered a Rule 54(b) final judgment. The Rule 54(b) final judgment is the subject of Byrd's appeal.
¶ 7. Meanwhile, the remainder of the case continues to progress in the trial court. Both Byrd and MPC noted in their briefs that MPC has filed a second motion for summary judgment and that, while this appeal has been pending, an entire record has been developed on the issue of whether *111 the third party's use of the fiber-optic cable falls within the definition of the term "in connection with" the supplying of electricity to MPC customers.

ANALYSIS
¶ 8. Because the trial court entered a Rule 54(b) final judgment on MPC's motion for partial summary judgment, Byrd filed her appeal pursuant to Mississippi Rule of Appellate Procedure 4, which sets forth the procedure for filing an appeal following an entry of judgment. Ordinarily, however, Mississippi courts (at the trial and appellate levels) treat a partial summary judgment as an interlocutory order and not as a final judgment. See Hobgood v. Koch Pipeline Southeast, Inc., 769 So.2d 838, 841(¶ 10) (Miss.Ct.App.2000) (holding that "[a]bsent permission requested and granted for an interlocutory appeal, an appellant may only seek review of a final judgment. LUTHER T. MUNFORD, MISSISSIPPI APPELLATE PRACTICE (1997) § 6.1. A partial summary judgment is of course not an adjudication of all the claims. M.R.C.P. 54(b)."). See also Millsaps v. Stout, 860 So.2d 852 (Miss.Ct.App.2003) (dismissing appeal when a partial summary judgment without a Rule 54(b) final judgment was not appealed properly as an interlocutory appeal). The comment to Mississippi Rule of Civil Procedure 54(b) also states that a final judgment is not required "when the court disposes of one or more claims or terminates the action as to one or more parties" and encourages trial courts to refrain from entering a final judgment except in limited circumstances. M.R.C.P. 54(b) cmt. Accordingly, the trial court improperly entered a Rule 54(b) final judgment on the partial summary judgment.
¶ 9. In Cox v. Howard, Weil, Labouisse, Friedrichs, Inc., 512 So.2d 897, 898 (Miss. 1987), the Mississippi Supreme Court vacated an appeal from a partial summary judgment which dismissed one count of a three-count counterclaim. Applying an abuse of discretion standard, the Court held as follows:
It is incumbent on trial attorneys and trial judges to recognize that Rule 54(b) judgments must be reserved for rare and special occasions. This case is not one of them. When there is a judgment dismissing one count of a complaint or counterclaim, a Rule 54(b) finality should never even be considered by the trial court unless the remainder of the case is going to be inordinately delayed, and it would be especially inequitable to require a party to wait until the entire case is tried before permitting him to appeal.

Cox, 512 So.2d at 900 (emphasis added). The Court further noted that Rule 54(b) judgments were intended to ease the burdens associated with complex litigation and to allow parties whose liability in such cases has been adjudicated to reach a final resolution without undue delay. See id. See also White v. Mills, 735 So.2d 428 (Miss.1999) (holding that Rule 54(b), by its express language, did not permit a trial court to enter a Rule 54(b) judgment resolving the issue of liability but leaving open the issue of damages in a single action automobile accident case between two parties).
¶ 10. In this case, the trial court entered partial summary judgment on the issue of damages in one count of a seven-count complaint. While this case does involve multiple defendants, the claims asserted do not rise to the level of complex litigation. Rather, Byrd's multiple causes of action arise from a single set of facts and raise a limited number of issues. Additionally, the parties state in their briefs that the case is proceeding in the court below  the parties have developed the record, and a second motion for summary *112 judgment is pending. To permit this appeal as an appeal of right from a final judgment, where that final judgment is limited to the issue of Byrd's right to damages on one claim of a multi-claim complaint, without even a determination in the trial court of the defendants' liability on that claim, would contradict the prior holdings of the Mississippi Supreme Court and, as a practical matter, would result in piecemeal litigation.
¶ 11. The procedural posture of the case suggests that this appeal is more akin to an interlocutory appeal than an appeal from a final judgment. While the Court may, in some circumstances, recognize an appeal as a proper case for an interlocutory appeal despite procedural defects in perfecting that appeal,[2] this case is not appropriate for interlocutory appeal. See Hobgood, 769 So.2d at 841(¶ 12) (citations omitted) (holding that "[t]his Court at least twice has concluded that we may suspend the rules for interlocutory appeals even when no petition for such an appeal has been filed" and noting that the Mississippi Supreme Court had done so on just one occasion).
¶ 12. Under Mississippi Rule of Appellate Procedure 5(a), interlocutory appeals are appropriate where
a substantial basis exists for a difference of opinion on a question of law as to which appellate resolution may:
(1) Materially advance the termination of the litigation and avoid exceptional expense to the parties; or
(2) Protect a party from substantial and irreparable injury; or
(3) Resolve an issue of general importance in the administration of justice.
M.R.A.P. 5(a). Interlocutory appeals must be filed within twenty-one (21) days of the entry of the order being appealed. See id.
¶ 13. None of the required conditions for interlocutory appeal are met in this case. The first issue posed is whether the trial court erred in its findings of fact when it determined that the third-party usage of fiber-optic cable on Byrd's property did not constitute an additional servitude. Interlocutory appeals, pursuant to the rule, must involve questions of law only. Moreover, both parties noted that, as the case has progressed in the trial court, the parties have fully developed the record with regard to the issue of whether IFN's third-party usage is "in connection with" the supplying of electricity to MPC's customers, as the easements require.
¶ 14. This Court holds that the trial court improvidently granted the Rule 54(b) final judgment; therefore, this case cannot properly be brought before the Court under Mississippi Rule of Appellate Procedure 4. Additionally, this Court finds that the entry of partial summary judgment is not appropriate for consideration as an interlocutory appeal under Mississippi Rule of Appellate Procedure 5 and will not exercise its discretion to hear the appeal as such.
¶ 15. Accordingly, this appeal is improperly before the Court. The Court holds that the appeal shall be dismissed. *113 As a matter of procedure, the trial court's order granting partial summary judgment on the issue of trespass damages shall stand, but the Rule 54(b) judgment shall be vacated until the entire case is resolved and the trial court can enter final judgment on all claims.
¶ 16. THE APPEAL IS DISMISSED. THE CASE IS REMANDED TO THE TRIAL COURT FOR PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., SOUTHWICK, IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR.
NOTES
[1] Havis Byrd, along with several other plaintiffs, filed suit with the trial court. She is the only plaintiff, however, who opted to appeal the trial court's grant of partial summary judgment. Although the trial court granted partial summary judgment to both Mississippi Power Co. and Southern Co., Byrd has opted to appeal that judgment only as to Mississippi Power Co.
[2] In this case, Plaintiffs did not receive the copy of the Rule 54(b) judgment at the time it was entered in September 2004. Upon discovery of the ruling some months later, Plaintiffs petitioned the trial court to re-open the time for appeal. The trial judge entered an order on January 26, 2005, granting Plaintiffs fourteen (14) days from that date to perfect their appeal under Mississippi Rule of Appellate Procedure 4(h). Byrd was the only plaintiff to file Notice of Appeal, which she filed on the thirteenth day, February 9, 2005. Accordingly, if this case was appropriate for interlocutory appeal, the Court could waive the procedural requirements and hear the case because Mississippi Rule of Appellate Procedure 5(a) requires an interlocutory appeal to be filed within twenty-one (21) days.