ROBERTS, J.,
 

 for the Court.
 

 ¶ 1. This appeal evolved from a dispute involving a contract between Reeves Construction Company, Inc. (Reeves, Inc.) and Kate Corrigan for repair work that Reeves, Inc. was to perform on Corrigan’s home in Hattiesburg, Mississippi. After Reeves, Inc. had performed a portion of the work contemplated by the contract, a dispute arose, and as a result, Corrigan refused to pay Reeves, Inc. for any further work. Ken Reeves, the principal owner of Reeves, Inc., filed a notice of construction lien against Corrigan’s property. Reeves did not file the notice of construction lien in his capacity as an agent of Reeves, Inc. Instead, Reeves filed it under his own name as an individual. Corrigan sued Reeves, Inc. and “Ken Reeves d/b/a Reeves Construction.” Corrigan raised causes of action for breach of contract, false notice of a construction lien, and slander of title. Reeves responded with an answer and a counterclaim to enforce the previously-filed construction lien.
 

 ¶ 2. After other procedural matters, which will be discussed in greater depth as necessary, Corrigan filed a motion for summary judgment. Corrigan did not claim that she was entitled to summary judgment because Reeves could not demonstrate the existence of a genuine issue of material fact regarding his counterclaim. Instead, Corrigan claimed that she, as the plaintiff, was entitled to summary judgment incident to her claims for false notice of a construction lien and slander of title. After a hearing on the matter, the Forrest County Circuit Court found that it was undisputed that there was no contractual relationship between Reeves, individually, and Corrigan. Accordingly, the circuit court found that there was no genuine issue of material fact that Reeves “wrongfully” filed his notice of construction lien against Corrigan’s property. The circuit court went on to find that Corrigan was entitled to statutory damages against Reeves. However, the circuit court denied Corrigan’s request for summary judgment incident to Corrigan’s cause of action for slander of title. Reeves appeals and claims the circuit court erred when it granted Corrigan’s motion for summary judgment incident to her claim for false notice of a construction lien. However, after careful consideration, we find that the circuit court improvidently granted a final judgment pursuant to Mississippi Rule of Civil Procedure 54(b). Accordingly, we dismiss this appeal for lack of jurisdiction.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 3. “Reeves Construction” submitted an estimate of $46,500 to perform numerous interior and exterior repairs of Corrigan’s home. Later, Reeves, Inc. and Corrigan
 
 *1080
 
 entered into a contract for repair work to Corrigan’s home after her home sustained damage caused by Hurricane Katrina. Corrigan agreed to pay Reeves, Inc. $46,500. Among other things, Reeves, Inc. agreed to replace Corrigan’s roof. On February 15, 2006, Corrigan made a partial payment of $26,181.05 to “Reeves All Pro Roofing” for work that had been completed up to that time. On that same date, per Corrigan’s request, Reeves executed a release of lien for $26,181.05. The release of lien document was in the name of “Ken Reeves, All Pro Roofing” or “Reeves All Pro Roofing.”
 

 ¶ 4. The record is not entirely clear as to the events that transpired after February 15, 2006. However, it is clear that the relationship between Corrigan and Reeves soured. On March 2, 2006, Corrigan sent a letter to “Reeves All Pro Roofing.” In that letter, Corrigan referenced a letter that her daughter-in-law had sent to Reeves on February 23, 2006. That letter does not appear in the record. However, Corrigan’s March 2, 2006, letter indicated that it was a “list of work remaining and [a] punch list for [her] home.” Corrigan also stated that she had “requested [the] schedule by 26 February for completion of the work” and that “[t]o date, I have not received that schedule.” Additionally, Corrigan informed Reeves that he had “three days to complete this work or [he would] be released from [his] contract for non-performance.”
 

 ¶ 5. On March 4, 2006, Corrigan sent another letter to “Mr. Reeves” at “Reeves All Pro Roofing.” In that letter, Corrigan stated that: “As of the date of this letter[,] you are hereby dismissed from your responsibilities per our contract signed 25 January 2006 due to your default of the terms of the contract, failure to meet the schedule, and failure to perform the required work in the contract.” Corrigan also informed Reeves that he was “dismissed due to default in the terms of the contract by [his] failure to obtain a permit for the work on [Corrigan’s] home at the start of the job. [The] permit was not obtained until 3 March, well after the start of the work in January 2006 and the completion of the roof and structural [sic] on 15 February 2006.” Corrigan included a list of repairs that she considered incomplete. Corrigan went on to state that “[t]he balance of payment to Reeves as of the date of this letter is $10,148.16, which includes the siding and the above outstanding items.”
 

 ¶ 6. According to the record, the next notable event occurred on March 9, 2006, when Reeves filed a notice of construction lien against Corrigan’s property for $12,450. Reeves, acting pro se, did not file the notice of construction lien on behalf of Reeves, Inc. or “Reeves All Pro Roofing.” Instead, Reeves filed on behalf of “Ken Reeves d/b/a Reeves Construction.”
 

 ¶7. Approximately five months later, Corrigan filed a complaint in the Forrest County Chancery Court. As mentioned, Corrigan raised causes of action for breach of contract, false notice of a construction lien, and slander of title. Reeves responded with an answer and a counterclaim to enforce the previously-filed construction lien. A portion of Reeves’s response stated that Reeves had “suffered a loss of expectation interest of future wealth which would have been gained had [Corrigan] not breached the contract.” Reeves also moved to transfer all matters to the Forrest County Circuit Court. The chancellor granted Reeves’s motion and transferred all claims to the circuit court. However, before the claims were transferred to the circuit court, Reeves agreed to cancel the construction lien and filed a lis pendens notice on Corrigan’s property, thus disposing of Reeves’s counterclaim to enforce his
 
 *1081
 
 construction lien. The chancellor subsequently entered an order cancelling Reeves’s notice of construction lien.
 

 ¶ 8. On March 25, 2008, Corrigan next filed a motion for summary judgment. On April 18, 2008, the circuit court conducted a hearing on Corrigan’s motion. Approximately one month later, the circuit court entered its opinion on Corrigan’s motion. Specifically, the circuit court found as follows:
 

 The Court is of the opinion and does find that Defendant Ken Reeves individually was under a duty and obligation to distinguish the contractual relationship with Plaintiff as between Plaintiff and the Reeves Corporation and Ken Reeves d/b/a Reeves Construction. The issue of no contractual relationship between Plaintiff and Ken Reeves d/b/a Reeves Construction is undisputed and the Court finds that there is no dispute as to the lack of contractual relationship in this case between Plaintiff Kate Corri-gan and Defendant Ken Reeves d/b/a Reeves Construction. Therefore, the Court finds that Defendant Ken Reeves d/b/a Reeves Construction wrongfully filed his Construction Lien Notice against Plaintiffs homestead property and for which Defendant Ken Reeves d/b/a Reeves Construction is liable in the statutory penal amount of $12,450.00 being the amount of his wrongful Lien Notice and for which Plaintiff is entitled to Judgment against Ken Reeves d/b/a Reeves Construction in the amount of $12,450.00 as allowed by Section 85-7-201 of the Mississippi Code of 1972 Annotated.
 

 Accordingly, the circuit court granted Cor-rigan’s motion in part and found that Cor-rigan was entitled to summary judgment incident to her claim that Reeves had filed a false notice of a construction hen. However, the circuit court declined to grant summary judgment incident to Corrigan’s slander-of-title claim. Accordingly, Corri-gan’s claims for breach of contract and slander of title are still viable. Reeves appeals and claims the circuit court erred when it granted Corrigan’s motion for summary judgment incident to her claim that Reeves had filed a false notice of a construction lien.
 

 ANALYSIS
 

 ¶ 9. Corrigan’s claim that she was entitled to statutory damages based on Reeves’s filing of a false notice of a construction lien is based on Mississippi Code Annotated section 85-7-201 (Rev.1999), which provides as follows:
 

 Any person who shall falsely and knowingly file the notice mentioned in section 85-7-197 without just cause shall forfeit to every party injured thereby the full amount for which such claim was filed, to be recovered in an action by any party so injured at any time within one year from such filing; and any person whose rights may be adversely affected may apply, upon two days’ notice, to the chancery court or to the chancellor in vacation, or to the county court, if within its jurisdiction, to expunge; whereupon proceedings with reference thereto shall be forthwith had, and should it be found that the claim was improperly filed rectification shall at once be made thereof.
 

 ¶ 10. Reeves claims the circuit court erred when it granted Corrigan’s motion for summary judgment because there is a genuine issue of material fact regarding whether he filed his notice of construction lien with malice. Additionally, Reeves argues that Corrigan’s letters are the equivalent of admissions that she was dealing with Reeves individually. Finally, Reeves argues that a portion of Corrigan’s March letters demonstrate that Corrigan only
 
 *1082
 
 made a partial payment to Reeves and that Corrigan owed Reeves additional funds.
 

 ¶ 11. We do not reach the merits of Reeves’s arguments. Pursuant to Mississippi Rule of Civil Procedure 54(b):
 

 When more than one claim for relief is presented in an action, whether as a claim, counter-claim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment. In the absence of such determination and direction, any order or other form of decision, however designated which adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.
 

 The record does not contain a motion for certification pursuant to Rule 54(b). Instead, the circuit court simply entered its opinion and order finding that Corrigan was entitled to summary judgment incident to her claim for false notice of a construction lien-but not as to her claim for slander of title.
 

 ¶ 12. As mentioned above, Corrigan had also filed a claim for breach of contract, and although the parties agreed to cancel Reeves’s notice of construction lien, a portion of Reeves’s response included an allegation that Corrigan was liable for breach of contract. In Reeves’s lis pen-dens notice, Reeves indicated that the basis of the lis pendens notice was a lawsuit for breach of contract. In the circuit court’s opinion and order, the circuit court instructed Corrigan’s attorney to “prepare an appropriate [fjinal judgment.” The final judgment simply stated that the circuit court “finds that there is no just reason for delay and hereby directs entry of this [fjinal [jjudgment on Count Two ip this cause.” As best we can tell, this language was intended to act as the circuit court’s certification pursuant to Rule 54(b).
 

 ¶ 13. The Mississippi Supreme Court discussed Rule 54(b) in
 
 Cox v. Howard, Weil, Labouisse, Friedrichs, Inc.,
 
 512 So.2d 897 (Miss.1987). Pursuant to
 
 Cox,
 
 this Court has the discretionary authority to review a Rule 54(b) final judgment for plain error.
 
 Id.
 
 at 899.
 
 Cox
 
 further directs that “the authority in a trial court to enter a Rule 54(b) judgment 'should be exercised cautiously in the interest of sound judicial administration in order to preserve the established judicial policy against piecemeal appeals in cases which should be reviewed only as single units.’ ”
 
 Id.
 
 at 900 (quoting
 
 Curtiss-Wright Corp. v. Gen. Elec. Co.,
 
 446 U.S. 1, 8, 100 S.Ct. 1460, 64 L.Ed.2d 1 (1980)). “It is incumbent on trial attorneys and trial judges to recognize that Rule 54(b) judgments must be reserved for rare and special occasions.”
 
 Id.
 

 ¶ 14. The
 
 Cox
 
 court went on to direct as follows:
 

 While we have illustrated in this case an instance of when a Rule 54(b) judgment should not be given, we will not attempt to specifically elaborate every circumstance when such a judgment should be granted. These matters should be left to the discretion of the trial judges. Trial attorneys should review Wright and Miller, Moore’s Federal Practice and [federal case law before they propose a Rule 54(b) judgment to a trial court. In turn, trial judges should re
 
 *1083
 
 quire such research and preparation before they even consider the propriety of granting it.
 

 Id.
 
 Additionally, the supreme court “urge[d] trial judges to set forth the specific findings and the reasons for directing Rule 54(b) judgments.”
 
 Id.
 
 at 900-01. There is no indication in the record that either the trial attorneys or the circuit court followed the supreme court’s explicit recommendations in
 
 Cox.
 
 After the circuit court granted, in part, Corrigan’s motion for summary judgment, Corrigan had pending claims for breach of contract and slander of title. Reeves had a pending claim for breach of contract. It is unclear how the circuit court’s final judgment serves the interests of efficient judicial administration. Likewise, it is unclear why there is no just reason for delay in approving the final judgment. As stated by the supreme court, a final judgment pursuant to Rule 54(b) “should never even be considered ... unless the remainder of the case is going to be inordinately delayed, and it would be especially inequitable to require a party to wait until the entire case is tried before permitting him to appeal.”
 
 Id.
 
 at 900.
 

 ¶ 15. It is noteworthy that “the task of weighing and balancing the contending factors [involved with the determination whether to certify a judgment as final pursuant to Rule 54(b) ] is peculiarly one for the trial judge.”
 
 Curtiss Wright Corp.,
 
 446 U.S. at 12, 100 S.Ct. 1460. The trial judge’s “assessment merits substantial deference on review.” It is exceedingly difficult for an appellate court to conduct a deferential review of a trial judge’s decision when the trial judge does not elaborate on how he or she weighed and balanced the “contending factors.”
 

 ¶ 16. The comments to Rule 54 state that “Rule 54(b) may be invoked only in a relatively select group of cases and applied to an even more limited category of decisions.” “[Sjound judicial administration does not require that Rule 54(b) requests be granted routinely.”
 
 Curtiss Wright Corp.,
 
 446 U.S. at 10, 100 S.Ct. 1460. In entering a Rule 54(b) certification, it is proper for a trial court to do the following:
 

 consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals.
 

 Id.
 
 at 8, 100 S.Ct. 1460. If “a commonality of operative facts” underlies the claims and defenses of a case, Rule 54(b) certification is not justified.
 
 Lowery v. Fed. Express Corp.,
 
 426 F.3d 817, 828 (6th Cir.2005).
 

 ¶ 17. This Court has held that although there were multiple causes of action in a case, where those causes of action arose “from a single set of facts,” granting Rule 54(b) certification “as a practical matter, would result in piecemeal litigation.”
 
 Byrd v. Miss. Power Co.,
 
 943 So.2d 108, 111-12(¶ 10) (Miss.Ct.App.2006). Accordingly, this Court found that the Rule 54(b) final judgment was “improvidently granted” and dismissed the appeal. We have also held that a trial court’s “authority to enter a Rule 54(b) judgment should be exercised with caution in the interest of sound judicial administration to preserve the judicial policy against piecemeal appeals.”
 
 Walters v. Walters,
 
 956 So.2d 1050, 1054(¶ 13) (Miss.Ct.App.2007).
 

 ¶ 18. Corrigan’s motion for partial summary judgment concerned the claims for false notice of construction lien and for slander of title. The circuit court granted summary judgment incident to the claim for false filing of a construction lien. The
 
 *1084
 
 circuit court denied Corrigan’s slander-of-title claim without any explanation. That claim remains to be adjudicated. To prevail on her slander-of-title claim, Corrigan must prove that Reeves filed the construction lien at issue falsely and with malicious intent.
 
 See Williams v. King,
 
 860 So.2d 847, 850 (¶ 15) (Miss.Ct.App.2003) (“for [a] statement to form the basis of a claim for slander of title it must have been made not only falsely but maliciously”). However, Corrigan’s slander-of-title claim arises out of the allegedly wrongful filing of the construction lien. Therefore, it is evident that these two claims are intertwined, as they involve a “commonality of operative facts.” Accordingly, it was inappropriate to enter the Rule 54(b) final judgment. It follows that this appeal is not properly before this Court. Consequently, we dismiss this appeal for lack of jurisdiction.
 

 ¶ 19. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE, CARLTON AND MAXWELL, JJ., CONCUR.