LEE, C.J.,
for the Court:
FACTS AND PROCEDURAL HISTORY
¶ 1. On February 16, 2008, Deovante Chance Meeks drowned in a Days Inn *1222 Hotel swimming pool located in Grenada, Mississippi. The hotel is owned and operated by Ramesh Patel, Dipak Jeram, and Jay Jay, LLC (collectively Patel). Mene-tra China Reed Golliday, as administratrix of Meeks’s estate, filed a wrongful-death suit in the Grenada County Circuit Court against Patel alleging various negligence claims resulting from Meeks’s death.
¶ 2. On September 1, 2009, Patel filed a motion for summary judgment and a motion to exclude testimony of Golliday’s expert, Thomas Ebro. The trial judge granted a partial summary judgment in Patel’s favor regarding Golliday’s theories of liability concerning the lack of a lifeguard and the lack of an emergency-response plan. The trial judge also barred Ebro from offering expert-opinion testimony in the field of swimming-pool-accident reconstruction. Golliday filed a notice of appeal. Since trial had been set for February 15, 2010, the trial judge entered an order to stay the proceedings pending appeal.
¶ 3. Golliday now appeals, asserting the following issues: (1) the trial judge erred in granting a partial summary judgment; (2) the trial judge abused his discretion in excluding Ebro’s testimony; and (3) the record supports the trial judge’s decision to enter the judgment as final pursuant to Rule 54(b) of the Mississippi Rules of Civil Procedure.
¶ 4. Finding that the trial judge erred in granting the Rule 54(b) final judgment, we find this case is not properly before this Court and decline to address Golliday’s remaining issues.
DISCUSSION
¶ 5. The trial judge entered its judgment as a final judgment pursuant to Rule 54(b). Rule 54(b) allows the trial judge to “direct the entry of a final judgment as to one or more but fewer than all of the claims or parties” in an action. M.R.C.P. 54(b). However, the trial judge may do so “only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment.” Id. Absent a Rule 54(b) certification, any judgment is not final if it “adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties.” Id. “A decision that leaves a portion of the claim pending as to all defendants does not fall within the ambit of Rule 54(b).” M.R.C.P. 54(b) cmt. The comment further encourages trial judges to refrain from entering a final judgment except in limited circumstances. Id. See also Cox v. Howard, Weil, Labouisse, Friedrichs, Inc., 512 So.2d 897, 900 (Miss. 1987) (“Rule 54(b) judgments must be reserved for rare and special occasions.”).
¶ 6. In Byrd v. Mississippi Power Co., 943 So.2d 108, 111-12 (¶ 10) (Miss.Ct.App.2006), this Court held that although there were multiple causes of action, where those causes of action arose “from a single set of facts and raise a limited number of issues,” granting a Rule 54(b) judgment “would result in piecemeal litigation.” See also Reeves Constr. & Supply, Inc. v. Corrigan, 24 So.3d 1077, 1083 (¶ 17) (Miss.Ct.App.2010). In this case, the trial judge entered a partial summary judgment on two theories of liability. Although this case involves multiple defendants, the claims asserted by Golliday are not complex. Golliday’s claims arise from a single set of facts, namely the drowning of Meeks.
¶ 7. We find that the trial judge improvidently granted the Rule 54(b) final judgment; therefore, this case is not properly before the Court. Consequently, we dismiss this appeal.
¶ 8. THIS APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*1223 IRVING AND GRIFFIS, P.JJ., MYERS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.