MAXWELL, J.,
for the Court:
HI. Our appellate courts have held that parties may only appeal from a final judgment.[1] “A final, appealable judgment is one that ‘adjudicates the merits of the controversy which settles all issues as to all the parties’ and requires no further action by the [trial] court.”[2] Absent an express certification by the trial judge that there is “no just reason for delay” and an explicit direction “for the entry of the judgment,” an appeal from a judgment resolving less than all issues or claims against all parties cannot be taken.[3]
¶ 2. This case concerns a probate proceeding in which one of the decedent’s sons, John, petitioned the chancellor to set aside a warranty deed based on his brother’s alleged undue influence over their recently deceased father. John also filed a separate motion to set aside other inter vivos gifts to his brother by the decedent. The chancellor entered a judgment dis *760 missing the undue influence claim related to the warranty deed, finding it was untimely. But the chancellor failed to finally resolve challenges to the other inter vivos transfers. John later filed a motion under Mississippi Rule of Civil Procedure 60 attacking the underlying judgment, which the chancellor also denied. Since the chancellor’s initial judgment dismissing the challenge to the warranty deed did not finally adjudicate the claims involving the other inter vivos transfers and was not certified under Rule 54(b), it is not a final appealable judgment. Thus, we lack jurisdiction to consider the merits of John’s appeal from this judgment and must dismiss. Because John’s Rule 60 motion attacked a non-final judgment, we also dismiss his appeal of the denial of his Rule 60 motion.
Facts and Procedural History
¶ 3. Paul L. Ristroph died on March 31, 2006, at the age of ninety-seven. He was survived by three sons, Paul L. Ristroph III (“Paul”), Robert M. Ristroph, and John H. Ristroph. For many years, the decedent had co-owned his Hancock County, Mississippi residence with John. But on June 22, 2005, approximately nine months prior to his death, the decedent executed a warranty deed, individually and as attorney-in-fact for John, conveying the property to Paul and himself as joint tenants with full survivorship rights. Paul recorded the deed five days later.
¶ 4. On November 2, 2007, John filed a petition in the Hancock County Chancery Court to probate the decedent’s will. The chancellor admitted the will to probate and authorized the clerk to issue letters testamentary to John. On August 11, 2009, John, as executor of the decedent’s estate, filed a petition within the probate proceeding to set aside the 2005 warranty deed. He alleged Paul had induced the conveyance through undue influence over the decedent. That same day, John filed a motion to set aside several other inter vivos gifts to Paul, claiming the transfers also resulted from Paul’s undue influence over the decedent.
¶ 5. On September 3, 2010, Paul filed a motion for a judgment on the pleadings, arguing John’s petition to set aside the warranty deed was subject to the “catchall” three-year statute of limitations found in Mississippi Code Annotated section 15-1^19 (Rev.2003). The chancellor agreed that John’s attack on the warranty deed was untimely and dismissed his challenge. John then filed a motion to reconsider under Mississippi Rule of Civil Procedure 59. While awaiting the chancellor’s decision on John’s Rule 59 motion, Paul filed a motion for summary judgment with respect to the other alleged inter vivos gifts, contending these claims were also time-barred under section 15-1-49. The chancellor denied John’s motion to reconsider the timeliness of his petition to set aside the warranty deed, and John appealed the denial to the Mississippi Supreme Court.
¶ 6. On February 17, 2011, while his appeal was pending, John filed a Rule 60 motion for relief with the chancery court. He asserted a new argument — that the warranty deed was void ab initio because the decedent, as attorney-in-fact for John, had not been authorized to make a gift of the property or to transfer it without present consideration. The chancellor entered an order on June 2, 2011, denying both John’s Rule 60 motion and Paul’s motion for summary judgment on the remaining inter vivos gifts. John appealed this second judgment to the supreme court, which consolidated his two appeals and assigned them to this court.
Discussion
¶ 7. There are two distinct judgments before us. The first encompasses the chancellor’s application of a three-year *761 time-bar to John’s attack on the warranty deed. The second judgment concerns the chancellor’s denial of the Rule 60 motion, prompting John’s second appeal. Although neither party raised the issue of jurisdiction, we must first consider this threshold issue. See Anderson v. Britton & Koontz Bank, N.A., 55 So.3d 1130, 1131 (¶ 5) (Miss.Ct.App.2011) (citing Miller v. Cont’l Mineral Processing, 39 So.3d 998, 1000-01 (¶ 8) (Miss.Ct.App.2010)).
¶ 8. “ ‘Generally, only final judgments are appealable.’ A final, appeal-able[ ] judgment is one that “adjudicates] the merits of the controversy which settles all issues as to all the parties” and requires no further action by the [trial] court. Walters, 956 So.2d at 1053 (¶ 8) (citations omitted). “When all the issues in a case or claims against all the parties are not resolved in a judgment, no appeal of right can be taken.” Thompson v. True Temper Sports, Inc., 74 So.3d 936, 938 (¶ 6) (Miss.Ct.App.2011) (quoting Williams v. Bud Wilson’s Mobile Home Serv., 887 So.2d 830, 832 (¶5) (Miss.Ct.App.2004)).
¶ 9. There are, however, limited exceptions to this final-judgment rule. See Byrd v. Miss. Power Co., 943 So.2d 108, 111 (¶ 8) (Miss.Ct.App.2006). Under Rule 54(b), a trial judge “may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties” in an action. M.R.C.P. 54(b). But the judge may do so “only upon an expressed determination that there is no just reason for delay and upon an expressed direction for the entry of the judgment.” Id. Here, the chancellor made no such express determinations in either of the contested judgments. And absent a Rule 54(b) certification, any judgment — regardless of how designated — is not final if it “adjudicates fewer than all of the claims or the rights and liabilities of fewer than all the parties.” Id.; see also M.R.C.P. 54(b) cmt.
I. The First Judgment
¶ 10. Within the probate proceeding, John filed both (1) a petition to set aside the contested warranty deed and (2) a motion to set aside certain inter vivos gifts. The chancellor entered a judgment dismissing John’s attack on the warranty deed as untimely. But the chancellor did not, and to date has not, finally adjudicated John’s challenge to the remaining inter vivos gifts. Since the propriety of these inter vivos gifts remains unresolved, the chancellor’s first judgment did not adjudicate “all claims” and is not a final, appeal-able judgment. Because John neither sought nor received permission under Rule 5 of the Mississippi Rules of Appellate Procedure to proceed with an interlocutory appeal of this non-final judgment, we dismiss for lack of jurisdiction. See Pearson’s Fireworks, Inc. v. City of Hattiesburg, 66 So.3d 1276, 1279-80 (¶ 12) (Miss.Ct.App.2011) (citing Miller, 39 So.3d at 1000 (¶ 9)).
II. The Second Judgment
¶ 11. As to John’s subsequent appeal of the denial of his later-filed Rule 60 motion, our supreme court has held that Rule 60 challenges apply only to final judgments. Holland v. Peoples Bank & Trust Co., 3 So.3d 94, 104 (¶26) (Miss.2008). And as discussed, the underlying judgment John sought relief from was not final.[4] Thus, we also dismiss his Rule 60 challenge to this non-final judgment.
¶ 12. THE APPEAL IS DISMISSED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
*762 LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, ROBERTS, CARLTON, RUSSELL AND FAIR, JJ., CONCUR. BARNES, J., DISSENTS WITHOUT SEPARATE WRITTEN OPINION.

. Walters v. Walters, 956 So.2d 1050, 1053 (¶ 8) (Miss.Ct.App.2007) (citing M.W.F. v. D.D.F., 926 So.2d 897, 899 (¶ 4) (Miss.2006)).

. Walters, 956 So.2d at 1053 (¶ 8) (emphasis added) (quoting Banks v. City Fin. Co., 825 So.2d 642, 645 (¶ 9) (Miss.2002)).

.M.R.C.P. 54(b).

. The chancellor’s ultimate denial of summary judgment on the inter vivos gifts issue is immaterial as far as the finality of either judgment is concerned. “[A]n order denying a motion for summary judgment is not a final judgment.” Holland, 3 So.3d at 104 (¶ 26).